Matter of Brian HH. v Lisa HH. (2020 NY Slip Op 01221)





Matter of Brian HH. v Lisa HH.


2020 NY Slip Op 01221


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

527493

[*1]In the Matter of Brian HH., Appellant,
v
Lisa HH., Respondent. (And Two Other Related Proceedings.)

Calendar Date: January 9, 2020

Before: Garry, P.J., Mulvey, Aarons, Pritzker and Colangelo, JJ.


Lisa A. Natoli, Norwich, for appellant.
Steven J. Getman, County Attorney, Watkins Glen (Kristin E. Hazlitt of counsel), for Schuyler County Department of Social Services, respondent.
Sara A. Morton, Elmira, attorney for the child.



Aarons, J.
Appeal from an order of the Family Court of Schuyler County (Morris, J.), entered August 24, 2018, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the separated parents of a child (born in 2006). The father resided in Tennessee and the parties shared joint legal custody of the child with the father having visitation as agreed. In February 2017, the Schuyler County Department of Social Services commenced the first of these proceedings alleging that the mother neglected the child. Notice of this proceeding was given to the father. Pursuant to an April 2017 order, the child, with the mother's consent, was placed in the custody of a friend. In July 2017, the father filed a petition under Family Ct Act article 6 seeking custody of the child. Following hearings, in an August 2018 order, Family Court dismissed the father's petition. The father appeals.
This Court has been advised that, since the August 2018 order was issued, the father's parental rights have been terminated. In view of this, the father's appeal from the order dismissing his custody petition is moot (see Matter of Serenity KK. [Cynthia KK.], 80 AD3d 818, 818-819 [2011]; Matter of James M. v Linda M., 250 AD2d 684, 684 [1998], appeal dismissed 92 NY2d 918 [1998]). Because the exception to the mootness doctrine does not apply (see generally Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715 [1980]), the father's appeal must be dismissed.
Garry, P.J., Mulvey, Pritzker and Colangelo, JJ., concur.
ORDERED that the appeal is dismissed, as moot, without costs.